UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2001 AUG -2  P 1: 18

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

August 1, 2001

MEMORANDUM TO COUNSEL

      Re:    <u>Mereish v. Caldera</u>    <u>Assaad v. Caldera</u>    <u>Crosland v. Caldera</u>
             Civil #L-98-1696     Civil #L-98-3828     Civil #L-99-2280

Dear Counsel:

      I have received the status reports dated July 30, 2001 and July 31, 2001 submitted by counsel. There is sufficient uncertainty in the record regarding Ms. McDermott's claim that her clients' "research is being continued, but by younger scientists" and what impact, if any, it has upon the pending motion for summary judgment. Because evidence of the claim that the Army has continued the plaintiffs' scientific research utilizing younger scientists may be relevant to the Court's disposition of the pending motions, an abbreviated period of additional discovery is warranted.

      Defendant's motion for summary is DISMISSED without prejudice to filing a motion for summary judgment on the same grounds. Defendant's motion for summary judgment and plaintiffs' opposition thereto may incorporate by reference any previously filed briefs. In their renewed motion for summary judgment and opposition thereto, the parties shall answer the following questions:

(i)    Is it important for the Court's analysis that USAMRIID scientists are cross-trained in various disciplines such that a job title may not accurately reflect the work a particular scientist is doing?

(ii)   If USAMRIID eliminated only the scientists in a particular position (pharmacologists or physiologists) because (i) their skills were outdated or (ii) their work was no longer a priority, is it relevant that the work of the eliminated scientists is being continued by other scientists holding other positions? Please discuss the relevant case law.

      Limited discovery, on the issue of whether plaintiff's research is being continued, but by younger scientists, may be conducted by both parties over the next two months. <u>The discovery deadline shall be October 1, 2001.</u>

Memorandum to Counsel, contd.<br>August 1, 2001, page 2

Please confer with one another and report to me within 14 days of the date of this order concerning the number of hours of depositions which you believe is appropriate. If I have not heard from you by that date, each side shall be limited to 10 hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.) Plaintiffs must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

<u>On or before October 1, 2001, the parties shall file in chambers only (not with the Clerk) a status report covering the following matters</u>: (i) Whether discovery has been completed; (ii) Whether any motions are pending; (iii) A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein; (iv) Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion; and (v) Any other matter which you believe should be brought to the court's attention.

<u>The renewed motion for summary judgment shall be due November 1, 2001</u>. Plaintiffs' opposition shall be due November 19, 2001, and defendant's reply thereto shall be due November 30, 2001. After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,<br><br>Benson Everett Legg

c:    Court file