IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KULTHOUM A. MEREISH                      :

      Plaintiff                          :

      vs.                                : CIVIL ACTION NO. L-98-1696

LOUIS CALDERA,                           :
SECRETARY OF THE ARMY
                      :

      Defendant.

      *     *     *     *

AYAAD ASSAD                              :

      Plaintiff                          :

      vs.                                : CIVIL ACTION NO. L-98-3828

LOUIS CALDERA                            :
SECRETARY OF THE ARMY
                      :

      Defendant

      *     *     *     *

RICHARD D. CROSLAND                      :

      Plaintiff                          :

      vs.                                : CIVIL ACTION NO. L-99-2280

LOUIS CALDERA                            :
SECRETARY OF THE ARMY
                      :

      Defendant

**ORDER**

On April 12, 2000 summary judgment was entered in favor of Defendant. On April 28, 2000 Defendant filed a timely Motion for Award of Costs in the amount of $1,128.90. Plaintiffs appealed and on October 13, 2000 the Fourth Circuit Court of Appeals affirmed in part, vacated and remanded in part the judgment of this court. On September 30, 2002 judgment was entered in favor of Defendant. On October 17, 2002 Defendant filed a supplemental cost bill. Plaintiffs oppose the April 28, 2000 Bill of Cost, as supplemented. The undersigned has reviewed the outstanding pleadings relating to taxation of costs and finds no hearing necessary pursuant to Local Rule 105.6. (D.Md.).

## SUPPLEMENTAL COST BILL

Local Rule 109.1.a (D.Md.), (as amended, July 2001), provides that a Bill of Costs shall be filed within fourteen days of the entry of a judgment, of the entry of an order denying a motion filed under F.R.Civ.P. 50(b), 52(b) or 59, or an order remanding to state court any removed action. Non-compliance with this time limit is deemed a waiver of costs. The pleading in support of the supplemental cost bill has been carefully reviewed. However, the undersigned does not have the discretion to waive the untimely filing of cost bills, and the Court has not indicated that an alternative course of action be otherwise taken. Because Defendant failed to comply with the time limits set forth in Local Rule 109.1.a., his request for supplemental costs must be denied.

## FEES OF COURT REPORTERS FOR DEPOSITIONS

Defendant requests reimbursement of $1,128.90 associated with costs incurred for the depositions of Plaintiff Mereish, copies of seven deposition transcripts taken by Plaintiff, and eleven copies of transcripts taken in the administrative proceeding in *Assad v. Caldera, Secretary, U.S. Dept. of the Army*, EEOC Case No. 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X.    The Clerk may tax the costs of depositions

under F.R.Civ.P. 54(d) where they are necessary for the case. *See Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "we should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial." *Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. 1968).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses.

In light of the foregoing, the undersigned shall allow the taxation of fees associated with Plaintiff's deposition costs in the amount of $242.50. Defendant's successful dispositive motion reflects utilization of the depositions taken of John Glenn and David Franz. Costs associated with these depositions shall be allowed in the amount of $93.75.[1] While the Clerk finds the remaining deposition cost requests not allowable within her traditional authority, they may be taxable within the broader authority exercised by the Court. Consequently, counsel for Defendant is free to petition the Court for a supplement to this award of costs. Given this determination, deposition costs shall be awarded in the amount of $336.25.

---

[1] The maximum page rate at which a copy of a transcript will be taxed is $1.25 per page.

**AWARD**

Accordingly, costs are entered in favor of Defendant and against Plaintiffs in the amount of

$336.25. The Clerk of Court shall docket and mail copies of this Order to all counsel in this case.

Dated this _____13rd_____ day of _November_, 2002.

Felicia Cannon
Clerk, United States District Court,
District of Maryland